UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0133-JMS-DML-01 |
| | ) | 1:11-cr-0189-JMS-DML-1 |
| NICHOLAS W. MCEWEN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On January 10, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 12, 2016. Defendant McEwen appeared in person with his appointed counsel Joseph Cleary. The government appeared by Winfield Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant McEwen of his rights and provided him with a copy of the petition. Defendant McEwen waived his right to a preliminary hearing.

2. After being placed under oath, Defendant McEwen admitted violations 1, 2, and 3. [Docket No. 19.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1     **"The defendant shall refrain from any unlawful use of a controlled substance."**

As previously reported to the Court, on April 11, 20, October 12, and 26, 2016, the offender provided urine specimens which tested positive for Opiates and amphetamine. Mr. McEwen admitted using heroin and methamphetamine. On June 30, 2016, he submitted a urine sample which tested positive for cocaine, opiates, amphetamine, and marijuana. Mr. McEwen admitted using the illegal drugs. On October 25, 2016, Mr. McEwen self-reported additional use of heroin and methamphetamine on October 22, and 23, 2016.

2     **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

On November 15, 22, 28, 29, 30, December 2, 3, 4, 5, 6, and 7, 2016, the offender failed to report for scheduled drug screens. In addition, he failed to produce a specimen on November 24, 2016, after several collection attempts. Lastly, on November 21, 28, 30, December 3, 5, and 7, 2016, the offender failed to attend required counseling sessions.

As previously reported to the Court, on July 25, September 7, and October 31, 2016, the offender failed to report for scheduled drug screens. In addition, he failed to report for scheduled individual substance abuse counseling sessions during the month of July, August, and October, 2016. Lastly, the offender has failed to remit a payment toward his co-pay and relapse fee obligations, which should have been paid in full by July 10, 2016.

3     **"The defendant shall pay any restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."**

Since the Court was previously notified on November 8, 2016, the offender has failed to remit any restitution payments.

> As previously reported to the Court, since the offender's term of supervised release commenced, he has remitted two payments totaling $70. A payment plan was established where the offender was to remit monthly payments beginning May 10, 2016.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The government argued for a sentence of ten (10) months with no supervised release to follow. The defendant argued for a sentence of four (4) months to be served at the Volunteers of America

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 1/13/2017

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal